# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In re

JAMES D. VELTMEYER,

                   Debtor.

KYLE SHEPARD,

                   Appellant,

  v.

JAMES D. VELTMEYER.,

                   Appellee.

Case No.: 24-cv-1200-RSH-BLM

**ORDER STAYING APPEAL**

On July 12, 2024, appellant Kyle Shepard ("Shepard" or "Appellant") filed a notice of appeal from a June 11, 2024 Order (the "Denial Order") of the U.S. Bankruptcy Court for the Southern District of California, denying him an extension of time to file a complaint pursuant to Section 727 of the Bankruptcy Code in connection with *In re James D.*

*Veltmeyer*, Case No. 23-4157 (Bankr. S.D. Cal.). *See* ECF No. 1 (notice of appeal).[1] The Parties have completed their briefing on this appeal, with the final brief filed on November 14, 2024. ECF Nos. 7, 8, 11.

## I.   BACKGROUND

On December 31, 2023, James D. Veltmeyer ("Veltmeyer," "Debtor," or "Appellee") filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code. BR ECF No. 1. The Bankruptcy Court set the first meeting of creditors for February 6, 2024. BR ECF No. 6. Pursuant to the 60-day deadline set in Rule 4004(a) of the Federal Rules of Bankruptcy Procedure, the deadline to file a complaint or motion objecting to discharge was April 8, 2024.

On that date, Shepard filed a Complaint for Judgment of Non-Dischargeable Debt, which was assigned Adversary Proceeding No. 24-90027. BR ECF No. 26. The Complaint alleged that Shepard and Veltmeyer entered into a partnership agreement; that Veltmeyer falsely represented to Shepard that they would share the costs of the partnership equally; and that Shepard invested funds in the partnership in reliance on those false representations. *Id.* The Complaint recited, "[t]his action is brought against Defendant to deny Defendant a bankruptcy discharge for any and all damages to which Plaintiff is entitled" as a result of the injuries alleged therein. *Id.* ¶ 14. The Complaint invoked 11 U.S.C. § 523 to assert that Veltmeyer's debt to Shepard was non-dischargeable on the grounds that it arose from fraud (11 U.S.C. § 523(a)(2)(A), as to Claim One), breach of fiduciary duty (11 U.S.C. § 523(a)(4), as to Claim Two), and willful and malicious injury (11 U.S.C. § 523(a)(6), as to Claims Three and Four).

//

---

[1] "ECF No." refers to the docket numbers associated with filings in the District Court in this case. "BR ECF No." refers to docket numbers associated with filings in the underlying Bankruptcy Court case.

| | |
|---|---|
| 1 | Also on April 8, 2024, the due date, Shepard filed a motion for an order granting him an extension of time to July 1, 2024 to file a complaint objecting to Veltmeyer's discharge pursuant to 11 U.S.C. § 727. BR ECF No. 28. Shepard's motion argued that "Debtor's case is complex," and that "Shepard requires additional time to investigate … new asset disclosures and whether grounds exist to object to Defendant's discharge." BR ECF No. 28-1 at 2-3. Shepard mentioned specifically Veltmeyer's transfer of a painting to Veltmeyer's brother, and stated, "[f]urther investigation is needed on this matter to determine if the transfer supports an objection to discharge under Section 727(a)(2)," *id.* at 3, a provision that denies a discharge where a debtor makes a fraudulent transfer within one year of filing for bankruptcy. Shepard argued that recently-filed adversary proceedings, including Shepard's own, "are currently pending to determine nondischargeability of debts," and argued that "the requested extension will not impact efficient court administration as Debtor's nondischargeability adversary proceedings will remain pending for a substantial time." *Id.* at 2. |

Veltmeyer opposed the motion. BR ECF No. 32. Following a hearing on June 6, 2024, the Bankruptcy Court denied the motion. BR ECF No. 47.

No other creditor filed a complaint objecting to discharge pursuant to 11 U.S.C. § 727. Shepard's adversary proceeding for a determination of non-dischargeable debt pursuant to 11 U.S.C. § 523 remains pending.

## II.  JURISDICTION

The appeal presents the threshold issue of this Court's appellate jurisdiction. The Parties dispute whether the Denial Order is an appealable final order under 28 U.S.C. § 158(a)(1). ECF No. 8 at 7-8, ECF No. 11 at 5-6. That paragraph provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals … from final judgments, orders, and decrees … of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1). As the appellant, Shepard has the burden of establishing appellate jurisdiction. *See In re GGW*

*Brands, LLC*, No. CV 13-8255 FMO, 2014 WL 4793433, at *4 (C.D. Cal. Sept. 24, 2014); *In re W. States Drywall*, Inc., 145 B.R. 661, 665 (Bankr. D. Idaho 1992).

Both Parties cite the Supreme Court's decision in *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35 (2020), in support of their respective positions. In that case, the Supreme Court held that a bankruptcy court's adjudication of a motion for relief from an automatic stay "forms a discrete procedural unit within the embracive bankruptcy case," and was therefore a final, appealable order under Section 158(a)(1). *Ritzen Group*, 589 U.S. at 37-38. The Supreme Court reasoned that "[a]djudication of a stay-relief motion … occurs before and apart from proceedings on the merits of creditors' claims," and "does not occur as part of the adversary claims-adjudication process, proceedings typically governed by state law," and therefore "constitutes an independent 'proceeding' within the meaning of 28 U.S.C. § 158(a)." *Id.* at 43-44. The Supreme Court also noted that courts "should not define 'proceeding' to include disputes over minor details about how a bankruptcy case will unfold," *id.* at 44, and observed that "[t]he concept of finality cannot stretch to cover, for example, an order resolving a disputed request for an extension of time." *Id.* at 44 (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 505 (2015)).

In contending that the Denial Order was not final and is not immediately appealable, Veltmeyer argues that "although [the Denial Order] cut off Shepard's right to file a 727 objection to dischargeability, his section 523 Complaint remains pending. The Bankruptcy Court's adjudication of the 523 Complaint will decide the same underlying issue—whether Debtor's debt to Shepard is dischargeable." ECF No. 8 at 7.

Shepard's briefing does not meaningfully respond to this argument. Shepard's reply asserts that "the denial of Shepard's requested extension definitively disposed of Shepard's ability to file a complaint objecting to discharge," ECF No. 11 at 6—but this assertion does not take account of the fact that Shepard *did* file a complaint challenging the dischargeability of Veltmeyer's debt to Shepard. In recognition of this fact, Shepard states that he "has no objection to this appeal being stayed pending the outcome of [his] litigation

concerning the dischargeability of his debt." *Id.* The Bankruptcy Court's adjudication of Shepard's adversary proceeding may indeed resolve a challenge to dischargeability he might make in his hypothetical 727 complaint.

The Supreme Court has stated that "an order resolving a disputed request for an extension of time" is not a final order. *Ritzen Group*, 589 U.S. at 44. Shepard has not provided any examples of courts treating an order resolving a disputed request for an extension of time as final and appealable. Additionally, Shepard has not persuasively articulated a theory under which the denial of more time to file such a 727 complaint is a final order here, when the adversary proceeding he did file remains pending and its question of dischargeability remains unresolved. Accordingly, consistent with Shepard's statement of non-objection, the Court stays this appeal pending further proceedings in the Bankruptcy Court.

### III.   CONCLUSION

For the foregoing reasons, the appeal is **STAYED** until further order of this Court pending further proceedings in the Bankruptcy Court. Within **fourteen (14) days** of the Bankruptcy Court's resolution of Adversary Proceeding No. 24-90027, the Parties are **ORDERED** to jointly file a status report in this Court: (1) providing an update on developments in the bankruptcy proceedings, (2) stating Shepard's position on whether he intends to continue to pursue this appeal of the Denial Order, and (3) if Shepard does so intend, setting forth the Parties' respective positions on whether there is appellate jurisdiction as well as whether the Parties seek the opportunity to provide further merits briefing.

**IT IS SO ORDERED.**

Dated: December 4, 2024

_____
Hon. Robert S. Huie
United States District Judge